WAGNER TYPEWRITER CO. v. WATKINS et al. (Circuit Court of Appeals, Second Circuit. February 24, 1898.) Appeal from the Circuit Court of the United States for the Southern District of New York. Arthur v. Briesen, for appellant. Carter, Hughes & Dwight, for appellees. Dismissed on consent, pursuant to the twentieth rule. See (C. C.) 84 Fed. 57.

---

WARNER v. PENOYER. (Circuit Court of Appeals, Second Circuit. January 18, 1898.) No. 82. Appeal from the Circuit Court of the United States for the Northern District of New York. Reynolds, Stanchfield & Collin, for appellant. Charles M. Woodward, for appellee. Dismissed as to the appellees, Nivison's executrices, by consent, pursuant to the twentieth rule. See (C. C.) 82 Fed. 181, 33 C. C. A. 222, 91 Fed. 587.

---

WINTHROP et al. v. STEWART et al. (Circuit Court of Appeals, Seventh Circuit. June 6, 1899.) No. 571. Dismissed per stipulation of counsel.

---

WOODWORTH v. NATIONAL BANK OF COMMERCE OF KANSAS CITY, MO. (Circuit Court of Appeals, Second Circuit. May 18, 1898.) In Error to the Circuit Court of the United States for the Northern District of New York. Cogswell & Cogswell, for plaintiff in error. Doolittle & Hazard, for defendant in error. Dismissed by consent, pursuant to the twentieth rule.

---

A. B. DICK CO. v. HAWTHORNE et al. (Circuit Court, S. D. New York. October 12, 1899.) Motion for Preliminary Injunction. Richard N. Dyer, for the motion. William A. Jones, Jr., opposed.

LACOMBE, Circuit Judge. The circumstance that complainants did not put their notice of restriction upon the outside of the packages sold in England materially weakens their position upon this application, because the affidavits presented by the defendants create a conflict of testimony, and this court does not, as a rule, grant a preliminary injunction where there is such conflict. Nevertheless, the court is strongly persuaded that, although the affidavit of the purchaser in England is a plausible one, it will turn out, when testimony is taken and the right of cross-examination exercised, that he had good reason to believe that the complainants uniformly restricted the use of their goods sold in England, so as to forbid their resale in the United States. The care with which this individual's affidavit is framed seems to indicate that cross-examination may be expected to elicit testimony favorable to the complainants. The application for preliminary injunction, therefore, will be denied, upon the condition that defendants file each month a sworn statement of the sale of any of the paper described in the moving affidavits, with names and addresses of purchasers, and prices paid.